TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Alexis Dunphy,*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Dunphy, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company; Equifax Information Services, LLC, a Georgia corporation; Experian Information Solutions, Inc., an Ohio corporation, and TMG Financial Services, Inc., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, ALEXIS DUNPHY, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union") which is a Delaware company that maintains a registered agent in Maricopa County, Arizona;

c.  Experian Information Solutions, Inc., ("Experian") which is an Ohio

company that maintains a registered agent in Maricopa County, Arizona;

and

d.  TMG Financial Services, Inc., ("TMG") which is, upon information and

belief, a foreign corporation entity that maintains registered offices in

Des Moines, Iowa.

## GENERAL ALLEGATIONS

6. Defendants Trans Union, Equifax and Experian (collectively "CRAs" or

"Credit Reporting Agencies") are reporting a TMG Financial Services trade line

with account number 521396050100XXXX ("Errant Trade Line") as a

"charged-off" account on Plaintiff's consumer credit files.  This account is

supposed to be reported as "settled for less than the full balance."  In addition,

Defendant Trans Union is double reporting the Errant Trade Line and reporting

a balance on it, when it was in fact settled.

7. Ms. Dunphy had defaulted on a credit card debt.  The card was issued by TMG.

8. On or about August 10, 2011, Ms. Dunphy settled the debt, which is the subject

of the Errant Trade Line, with Atira Credit.  Per the terms of this agreement

between Plaintiff and Atira Credit, the Errant Trade Line was to be reported as

"settled for less than the full balance" as opposed to being reported as "charged-

off."

3

9. On or about April 22, 2014, Ms. Dunphy obtained her three credit reports and noted that the Errant Trade Line was reported as a "charge-off" account on her Experian and Trans Union credit reports.  Moreover, the Errant Trade Line was reported as "bad debt and placed for collection and skip" on her Equifax credit report.  Ms. Dunphy submitted dispute letters to the CRAs regarding the Errant Trade Line.

10. Upon information and belief, the CRAs transmitted the gravamen of Ms. Dunphy's consumer dispute to TMG.

11. On or about June 16, 2014, Plaintiff received Equifax's investigation results, which showed that the Errant Trade Line was retained and continued to reflect as a "charged-off" account.

12. On or about July 30, 2014, Plaintiff sent Defendant Experian another dispute letter regarding the Errant Trade Line.

13. On or about October 29, 2014, Ms. Dunphy obtained her Trans Union credit report, which showed that the Errant Trade Line was being reported with a remark "unpaid balance, charged off."  It was also double reporting the Errant Trade Line and reporting the Errant Trade Line as having a balance of $14,687.00.

14. On or about December 18, 2014, Ms. Dunphy submitted additional dispute letters to the CRAs, disputing the "charged-off" language that was appearing on

4

all three of her credit reports, and disputing the balance of $14,687.00 and the double reporting by Trans Union.

15. Upon information and belief, the CRAs transmitted the gravamen of Plaintiff's consumer disputes to TMG.

16. On or about January 6, 2015, Plaintiff received results of the investigation from Experian.  Experian retained the Errant Trade Line and continued to report it as a charge-off.

17. On or about January 26, 2015, Plaintiff received results of the dispute from Equifax.  Equifax also improperly retained the charged off status.

18. On or about February 2, 2015, Plaintiff retrieved her dispute results from Trans Union.  Trans Union improperly continued to report the Errant Trade Line twice.  The first trade line shows a balance of $14,687.00 with a remark stating "unpaid balance, charged off."  The second TMG trade line that Trans Union is reporting has a remark stating, "Account paid in full, was a charge-off, account sold to TMG Financial Services."

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TMG

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Experian, Equifax, and Trans Union of Ms. Dunphy's consumer disputes to the Errant Trade Lines, TMG negligently failed to

5

conduct a proper reinvestigation of Ms. Dunphy's disputes as required by 15 USC 1681s-2(b).

21. TMG negligently failed to review all relevant information available to it and provided by Experian, Equifax, and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the Credit Reporting Agencies to remove the "charged-off language," and it failed to direct Trans Union to remove the double reporting and balance on the Errant Trade Line.

22. The Errant Trade Line is inaccurate and creates a misleading impression on Ms. Dunphy's consumer credit file with Experian, Equifax, and Trans Union to which it is reporting such trade line.

23. As a direct and proximate cause of TMG's negligent failure to perform its duties under the FCRA, Ms. Dunphy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. TMG is liable to Ms. Dunphy by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Ms. Dunphy has a private right of action to assert claims against TMG arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against TMG for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TMG

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by the Credit Reporting Agencies that Ms. Dunphy disputed the accuracy of the information it was providing, TMG willfully failed to conduct a proper reinvestigation of Ms. Dunphy's dispute.

28. TMG willfully failed to review all relevant information available to it and provided by the Credit Reporting Agencies as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of TMG's willful failure to perform its respective duties under the FCRA, Ms. Dunphy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. TMG is liable to Ms. Dunphy for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against TMG for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Dunphy as that term is defined in 15 USC 1681a.

33. Such reports contained information about Ms. Dunphy that was false, misleading, and inaccurate.

34. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Dunphy, in violation of 15 USC 1681e(b).

35. After receiving Ms. Dunphy's consumer disputes to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Dunphy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Trans Union is liable to Ms. Dunphy by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Dunphy as that term is defined in 15 USC 1681a.

40. Such reports contained information about Ms. Dunphy that was false, misleading, and inaccurate.

41. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Dunphy, in violation of 15 USC 1681e(b).

9

42. After receiving Ms. Dunphy's consumer disputes to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Dunphy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Trans Union is liable to Ms. Dunphy by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Dunphy as that term is defined in 15 USC 1681a.

47. Such reports contained information about Ms. Dunphy that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Ms. Dunphy, in violation of 15 USC 1681e(b).

49. After receiving Ms. Dunphy's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Dunphy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Ms. Dunphy by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Equifax for actual damages, costs, interest, and attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Dunphy as that term is defined in 15 USC 1681a.

11

54. Such reports contained information about Ms. Dunphy that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Dunphy, in violation of 15 USC 1681e(b).

56. After receiving Ms. Dunphy's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Dunphy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Ms. Dunphy by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Dunphy as that term is defined in 15 USC 1681a.

61. Such reports contained information about Ms. Dunphy that was false, misleading, and inaccurate.

62. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Ms. Dunphy, in violation of 15 USC 1681e(b).

63. After receiving Ms. Dunphy's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Dunphy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Experian is liable to Ms. Dunphy by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

13

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Dunphy as that term is defined in 15 USC 1681a.

68. Such reports contained information about Ms. Dunphy that was false, misleading, and inaccurate.

69. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Dunphy, in violation of 15 USC 1681e(b).

70. After receiving Ms. Dunphy's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Dunphy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

14

72.Experian is liable to Ms. Dunphy by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 16, 2015                    KENT LAW OFFICES


                                            By:___/s/  Trinette G. Kent_____
                                            Trinette G. Kent
                                            Attorneys for Plaintiff,
                                            Alexis Dunphy

15